J. S66036/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
COREY EVERETT MAXEY, : No. 1178 EDA 2019
:
Appellant :

Appeal from the PCRA Order Entered April 2, 2019,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0002358-2017

BEFORE:  STABILE, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JANUARY 08, 2020**

Corey Everett Maxey appeals ***pro se*** from the April 2, 2019 order[1]

denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The relevant facts and procedural history of this case, as gleaned from

the certified record, are as follows:  On November 1, 2017, appellant pled

guilty to three counts of aggravated assault, two counts of harassment, and

one count each of aggravated assault by a prisoner, terroristic threats,

---

[1] We note that although appellant purports to appeal from the PCRA court's January 8, 2019 notice of its intent to dismiss his PCRA petition without an evidentiary hearing, the appeal properly lies from the order dismissing the PCRA petition.  We have amended the caption accordingly.

recklessly endangering another person, and simple assault.[2]  These charges arose from appellant's violent assault of Corrections Officer Michael Kelly at the Chester County Prison.  On December 14, 2017, the trial court sentenced appellant to an aggregate term of 13 to 26 years' imprisonment in connection with this incident.  Appellant did not file a direct appeal.

On April 12, 2018, appellant filed a timely *pro se* PCRA petition, and Erin N. B. Bruno, Esq., was appointed to represent him.  On June 11, 2018, the PCRA court granted PCRA counsel's motion for an extension of time to file an amended PCRA petition on appellant's behalf.  Thereafter, on August 10, 2018, PCRA counsel filed a "no-merit" letter and petition to withdraw in accordance with *Turner*/*Finley*,[3] concluding that there existed no meritorious issues to raise on appellant's behalf.  Appellant filed a *pro se* response to PCRA counsel's petition requesting new counsel but subsequently withdrew his request following a November 1, 2018 hearing.

On January 8, 2019, the PCRA court provided appellant with notice, pursuant to Pa.R.Crim.P. 907(1), of its intention to dismiss his petition without a hearing.  Thereafter, on April 2, 2019, the PCRA court dismissed appellant's

---

[2] 18 Pa.C.S.A. §§ 2702(a)(1), 2702(a)(2), 2702(a)(3), 2709(a)(1), 2709(a)(3), 2703(a), 2706(a)(1), 2705, and 2701(a)(1), respectively.

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

petition without a hearing. That same day, the PCRA court granted PCRA counsel's request to withdraw. This timely appeal followed.[4]

Preliminarily, we recognize that proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Patterson***, 143 A.3d 394, 397 (Pa.Super. 2016) (citations omitted).

When the PCRA court denies a petition without an evidentiary hearing, as is the case here, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing."

---

[4] The PCRA court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On May 10, 2019, the PCRA court filed a "Statement of the Court" indicating that it was relying on the reasoning set forth in its January 8 and April 2, 2019 orders in dismissing appellant's petition.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted).

Instantly, appellant filed a four-page, handwritten brief wherein he contends that the PCRA court erred in dismissing his petition without an evidentiary hearing. Specifically, appellant argues that he was entitled to an evidentiary hearing because his counsel "was ineffective for not petitioning . . . to proceed in mental health court." (Appellant's brief at 2.)[5] Appellant also baldly contends, erroneously, that he was entitled to an evidentiary hearing because his aggregate term of 13 to 26 years' imprisonment was "outside of the sentencing guidelines." (*Id.* at 4.)

This court has long recognized that there is no absolute right to an evidentiary hearing. *Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa.Super. 2006) (citation omitted). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." *Wah*, 42 A.3d at 338.

Additionally, we note that,

> [a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

---

[5] We note that appellant's brief does not contain pagination; for the ease of our discussion, we have assigned each page a corresponding number.

*Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa.Super. 2005) (citations omitted).

Here, the record reflects that appellant's brief fails to discuss or even cite the three-pronged ineffective assistance of counsel test. *See*, *e.g.*, *Commonwealth v. Charleston*, 94 A.3d 1012, 1020 (Pa.Super. 2014), *appeal denied*, 104 A.3d 523 (Pa. 2014). This court has long recognized that "an underdeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [a]ppellant's burden of establishing that he is entitled to relief." *Commonwealth v. Bracey*, 795 A.2d 935, 940 n.4 (Pa. 2001). Likewise, appellant's boilerplate discretionary sentencing claim is not cognizable under the PCRA. *See Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa.Super. 2007) (stating, "[c]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA." (citation omitted)); *see also* 42 Pa.C.S.A. § 9543(a)(2)(vii). The record further reflects that appellant's brief is devoid of any reference to the notes of testimony or citations to any **relevant** legal authority, in violation of Pa.R.A.P. 2119(b) and (c). Accordingly, we find that appellant's claims are not properly developed and are waived. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa.Super. 2009) (finding claim waived where appellant's argument is underdeveloped and fails to develop argument supported by legal authority), *appeal denied*, 3 A.3d 670 (Pa. 2010).

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing appellant's petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/20